IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CITY OF FARMINGTON, NEW MEXICO,<br><br>    Plaintiff,<br><br>vs.<br><br>EA CONSULTING, INC., a California Corporation and SAP PUBLIC SECTOR AND EDUCATION, INC., a Delaware Corporation,<br><br>    Defendants. | No. 01cv1408 PK/RLP |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant SAP Public Sector and Education, Inc.'s Motion to Dismiss filed June 14, 2002 (Doc. 10), and Defendant EA Consulting, Inc.'s Motion to Dismiss filed June 14, 2002 (Doc. 12). Upon consideration thereof,

(1) This is a diversity action brought by Plaintiff against Defendants in connection with the acquisition, installation and implementation of a financial and utility software system. Defendants seek dismissal of Plaintiff's Second Claim for Relief appearing in First Amended Complaint alleging violation of New

Mexico's Unfair Practices Act "UPA", N.M. Stat. Ann. § 57-12-1 to 57-12-22 (Michie 2002 Repl. Pamp.). Defendants' theory is that Farmington, as a municipal corporation, is not included within the definition of "person" in the UPA and thus lacks standing to pursue such a claim. Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and this legal issue is capable of resolution in this motion. See Albright v. Oliver, 510 U.S. 266, 268 (1994) (Rule 12(b)(6) standard).

    (2)    The UPA provides that:

> [a]ny person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by [the statute] may bring an action to recover actual damages . . .

N.M. Stat. Ann. § 57-12-10(B). The term "person" is defined as follows:

> "person" includes, where applicable, natural persons, corporations, trusts, partnerships, associations, cooperative associations, clubs, companies, firms, joint ventures or syndicates.

N.M. Stat. Ann. § 57-12-2(A).

(3) After considering the parties' submissions, the court concludes that the UPA extends its protections to municipal corporations. In construing a statute, a court begins with the statutory language and gives the words their ordinary and usual meaning unless a different meaning is intended by the legislature. State v. Javier M., 33 P.3d 1, 13-14 (N.M. 2001). The court may also look to history and

background of the statute. Id. Normally, the term "person" is "a generic term of comprehensive nature, embracing natural and artificial persons." Gonzales v. Oil Chem. & Atomic Workers Int'l Union, 419 P.2d 257, 262 (N.M. 1966) (quotations and citations omitted).

(4) The definition of "person" in this statute includes "corporations." "Corporations" is unmodified and without limitation. Because there are no limitations and the context suggests no limitations, the term "corporations" includes all domestic, foreign, for-profit, not-for-profit, private and public corporations, and necessarily includes municipal corporations.

(5) The term "corporations" appears in the statute among an inclusive list of organizations. Consistent with plain meaning and the remedial purpose of the UPA, it makes little sense to construe the term narrowly and to arbitrarily exclude municipal corporations. See State ex. rel. Stratton v. Gurley Motor Co., 737 P.2d 1180, 1185 (N.M. Ct. App.), cert. denied, 737 P.2d 893 (N.M. 1987). A municipal corporation is a type of corporation that may exercise corporate powers. See N.M. Stat. Ann. § 3-18-1 (Michie Repl. Pamp. 1999). While it is true that a municipal corporation is a political subdivision that differs from a private corporation, see Morningstar Water Users Ass'n v. Farmington Mun. Sch. Dist., 901 P.2d 725, 734 (N.M. 1995), nothing in the UPA suggests that a municipal corporation should not be afforded the UPA's protections.

NOW, THEREFORE, IT IS ORDERED that:

(1) Defendant SAP Public Sector and Education, Inc.'s Motion to Dismiss filed June 14, 2002 (Doc. 10), is denied, and

(2) Defendant EA Consulting, Inc.'s Motion to Dismiss filed June 14, 2002 (Doc. 12) is denied.

DATED this 5th day of July 2002, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Rex D. Throckmorton and Leslie McCarthy Apodaca, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico, for Plaintiff City of Farmington.

Greg Vance Fallick, Albuquerque, New Mexico, (and David Smith and John F. Mullen, Schnader Harrison Segal & Lewis LLP, Philadelphia, Pennsylvania, of counsel), for Defendant SAP Public Sector and Education, Inc.

Emily A. Francke, Butt Thornton & Baehr PC, Albuquerque, New Mexico, and Kathleen E. Finnerty, Livingston & Mattesich, Sacramento, California, for Defendant EA Consulting, Inc.